1
2
3
4
5
6
7
8
9
10
11

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**(SOUTHERN DIVISION—HONORABLE DAVID O. CARTER)**

| | |
|---|---|
| MOHSEN REIHANIFAM,<br><br>             Plaintiff,<br><br>      v.<br><br>FRESENIUS MEDICAL CARE NORTH AMERICA, BEN LIPPS, an individual, R. MAURICE POWELL, an individual,<br><br>             Defendants. | CASE NO.: SACV12-1580-DOC (JPRx)<br><br>CONFIDENTIALITY ORDER<br><br>Hearing: [None scheduled.]<br><br>Before: Hon. Jean P. Rosenbluth, Magistrate Judge<br><br>Trial Date: February 18, 2014 |

WHEREAS the parties have stipulated that disclosure and discovery activity in this action are likely to involve production of Fresenius Medical Care North America's confidential research, development, commercial, proprietary, trade secret or private business information, including but not limited to source code and other confidential technical information, and financial and other private information related to Plaintiff, for which special protection from public disclosure and from use for any purpose other than this litigation is warranted;

WHEREAS the parties have stipulated to entry of the following Confidentiality Order;

IT IS HEREBY ORDERED that the terms and conditions of this Confidentiality Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among Mohsen Reihanifam ("Reihanifam") and Fresenius Medical Care North America, Ben Lipps, and R. Maurice Powell ("Defendants") (collectively the "parties"), and third parties to the above-captioned litigation ("this Litigation"), in connection with discovery in this Litigation (this information hereinafter referred to as "Discovery Material").

1.   **Applicability of Order:** This Order shall be applicable to and govern all depositions, documents, information or things produced by a party or third party in connection with this Litigation in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, answers to deposition questions and all other discovery taken pursuant to the Federal Rules of Civil Procedure or other information that the Disclosing Party designates as Confidential or Highly Confidential furnished, directly or indirectly, by or on behalf of any party or any third party witness as part of discovery in this action.  As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties to this action and to third parties that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action and to third parties that receive such information.

2.   **Use of Discovery Material:** Discovery Material and information derived therefrom shall be used solely for purposes of this Litigation, including any appeal and retrial, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation, prosecution of patents or offering strategic advice concerning patent prosecution.  Any person or entity in possession of Discovery Material designated Confidential or Highly

Confidential (defined below) shall maintain those materials in accordance with Section 16, below.

3.     Any Producing Party may designate any Discovery Material as "Confidential" or "Highly Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, personal, proprietary or commercially sensitive information that requires the protections provided in this Order (hereinafter "Confidential Material" or "Highly Confidential Material").

4.     **Confidential Material:** For purposes of this Order, information considered to be Confidential Material includes any information that a party or third party believes in good faith to be confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c).

5.     **Highly Confidential Material:** For purposes of this Order, information considered to be Highly Confidential Material shall include, but is not limited to, any Confidential Material as defined in Section 4 which also includes source code, microcode, circuit schematics, masks, net-lists, layouts or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and potential strategic transactions), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party.

6.     **Designating Confidential Material or Highly Confidential Material:** The designation of Discovery Material as Confidential Material or Highly

Confidential Material for purposes of this Order shall be made in the following manner:

  a. **Documents:** In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Material, respectively.

  b. **Deposition and Other Proceedings:** In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains Confidential Material or Highly Confidential Material shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within fourteen (14) business days after the receipt of the draft transcript of such proceeding. However, before such 14 day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Highly Confidential Material.  All portions of deposition transcripts not designated Confidential Material or Highly Confidential Material as provided in subparagraph 6(b)(i) or (ii) herein shall be deemed not confidential.  Every person given access to Confidential Material, Highly Confidential Material, or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be used or disclosed other than pursuant to the terms thereof.  Persons who do not fall under one of the subparagraphs of Sections 9 and 10 may not be shown Confidential or Highly Confidential Material at a deposition or other proceeding absent notification, by the party seeking to make such disclosure to the Producing Party, at least five (5) business days prior to the deposition or other pre-trial proceeding.  If the Producing Party challenges such

CONFIDENTIALITY ORDER
CASE NO. SACV 12-1580-DOC (JPRx)

disclosure, the parties shall first try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved, the Producing Party may request appropriate relief from the Court.  While such relief is pending, the restrictions in Sections 9 and 10 shall remain in place.  The parties may modify this procedure for any particular deposition or other testimony, through agreement prior to such deposition or proceeding, or agreement on the record at such deposition or proceeding, without further order of the Court.

      c.      **Non-Paper Media:** Any Confidential Material or Highly Confidential Material produced in non-paper media (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "Confidential" or "Highly Confidential."  In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-paper media, such party must stamp each page "Confidential" or "Highly Confidential," and the hard copy, transcription or printout shall be treated as it is designated.

      d.      **Inadvertent Disclosure:** The inadvertent failure to designate Discovery Material as Confidential or Highly Confidential does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the inadvertent disclosure, with the effect that such Discovery Material will be subject to the protections of this Order.  The Receiving Party shall exercise best efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the Producing Party.

CONFIDENTIALITY ORDER
CASE NO. SACV 12-1580-DOC (JPRx)

7.     The designation of Discovery Material by a party as "Confidential" or "Highly Confidential" shall constitute a representation by that party that the Discovery Material has been reviewed by an attorney for the Producing Party and that the attorney made a good faith effort to make the appropriate confidentiality designation.

8.     Every person given access to Confidential Material, Highly Confidential Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be used or disclosed other than pursuant to the terms thereof.

9.     **Persons With Access to Confidential Material:** Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

a.     Counsel of record in this action and attorneys at outside law firms and paralegal assistants, technical, administrative and clerical employees working under the direct supervision of such attorneys;

b.     Subject to Section 11 hereof, experts or consultants necessary to assist counsel for parties that have appeared in this Litigation and who have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

c.     The parties to this Litigation, provided that all such counsel or employees have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

d.     The Court, persons employed by the Court, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

CONFIDENTIALITY ORDER
CASE NO. SACV 12-1580-DOC (JPRx)

e.      Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits, provided such services have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

f.      Persons employed by jury or trial consulting services, provided such persons have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

g.      Commercial copy vendors retained by counsel for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

h.      Any person indicated by a document to be an author, addressee, or copy recipient of the document, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the document; and

i.      Any other person, only upon order of the Court or upon stipulation of the Producing Party and who has signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A.

10.    **Persons With Access to Highly Confidential Material:** Except as specifically provided for in this or subsequent Court orders, Highly Confidential Material or its contents shall not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part to any person or entity, directly or indirectly, other than the following:

a.      Counsel of record in this action other than in-house counsel, and attorneys at outside law firms and paralegal assistants, technical,

administrative and clerical employees working under the direct supervision of such attorneys;

b.     Subject to Section 11 hereof, experts or consultants necessary to assist counsel for parties that have appeared in this Litigation, and who have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

c.     The Court and persons employed by the Court;

d.     Court reporters employed by the Court or the parties to transcribe testimony (in deposition or in court) or any other proceedings in this Litigation;

e.     Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits, provided such services have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

f.     Persons employed by jury or trial consulting services, provided such persons have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

g.     Commercial copy vendors retained by counsel for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

h.     Any person indicated by a document to be an author, addressee, or copy recipient of the document, or as to whom there has been testimony, whether at deposition or trial or by declaration or affidavit, that the person was the author or recipient of the document; and

i.     Any other person, only upon order of the Court or upon stipulation of the Producing Party, and who has signed the "Agreement

CONFIDENTIALITY ORDER
CASE NO. SACV 12-1580-DOC (JPRx)

Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A.

11. **Qualification of Outside Experts and Consultants:** Notwithstanding paragraphs 9(b) and 10(b), Confidential Material or Highly Confidential Material may be provided to experts or consultants only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel for a party in this Litigation.  Such Confidential Material or Highly Confidential Material shall not be disclosed to any such expert or consultant until after a period of ten (10) calendar days after service, by facsimile and regular mail, on all parties of identifying information for the expert or consultant, including his/her name, address and job title, the name and address of his/her employer and a current curriculum vitae including a list of all companies for which such person has consulted during the last three (3) years.  The party receiving notice of such expert or consultant and service of such identifying information shall have ten calendar days from the date of such notice to object in writing to the provision of Confidential Material or Highly Confidential Material to the outside expert or consultant.  Unless the parties otherwise resolve the objection, the objecting party shall have an additional ten calendar days from the date of service of the identifying information regarding the expert to file an appropriate motion to preclude the employment of the expert or consultant and/or disclosures of Confidential Material or Highly Confidential Material to him or her, and no Confidential Material or Highly Confidential Material that is the subject of the objection will be disclosed until the motion is decided.  The times to respond as set out in this subparagraph shall not begin to run unless the identifying information served regarding the expert complies with the requirements set out herein.

12. Each person to whom Confidential or Highly Confidential Material may be disclosed that is also required to sign the "Agreement Concerning

Information Covered by Confidentiality Order" attached hereto as Exhibit A pursuant to Sections 9 and 10 shall do so prior to the time such Material is disclosed to him or her.  Copies of any executed undertakings shall be disclosed to counsel for the Producing Party upon agreement of the parties or further order of the Court.

13.      **Source Code Protocol:** Source code includes, but is not limited to, files containing program text in "C", "C++", assembler, VHDL, Verilog, and digital signal processor (DSP) programming languages.  Source code further includes "make" files, link files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or DSP.  Source code does not include binary executable files and object code files. Source code and documents containing source code may be designated "Highly Confidential – Source Code."  The parties have agreed on the following protocol for the inspection of source code, which refers to human-readable text files used as input to computer programs that generate machine-readable files:

a.      Unless otherwise agreed to in writing between the Producing Party and the Receiving Party or otherwise produced by the Producing Party directly to the Receiving Party, if source code designated as "Highly Confidential – Source Code" is to be made available for inspection, source code designated as "Highly Confidential – Source Code" shall only be provided, upon written request and after reasonable notice, on a single standalone computer (that is, a computer not connected to a network, Internet, or a peripheral device) at a secure location of the Producing Party's choosing in San Diego County.

b.      The Receiving Party (including the experts or consultants who may inspect the source code under this Confidentiality Order) may use and, to the extent necessary, load onto the secure computer searching or analytical tools for inspection of the source code, so long as the searching or other

analytical tools for inspection of the source code is disclosed by the Requesting Party at least two (2) business days in advance of the inspection, providing however that the Producing Party reserves all objections to any such searching or analytical tools.  The Receiving Party may create a back-up copy of the source code on the stand-alone computer.  The searching or analytical tools may annotate, number the lines of, and label the pages of, the back-up copy of the code.  Any back-up copies will remain on the stand-alone computer and be subject to all of the provisions of this Confidentiality Order.

   c. Source code printing protocol: The Producing Party shall make available a laser printer with commercially reasonable printing speeds for onsite printing during inspection of the code.  The Receiving Party may print portions of the source code only when reasonably necessary to facilitate the Receiving Party's preparation of the case, including (1) when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party, (2) to prepare internal attorney work product materials, or (3) to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses and related drafts and correspondences.  The Receiving Party shall print only such portions as are reasonably necessary for the purposes for which any part of the source code is printed.  In no event may the Receiving Party print more than twenty-five (25) consecutive pages and no more than 500 pages of source code in aggregate during the duration of the case without prior written approval of the Producing Party.

   Upon the Receiving Party's printing any such portions of source code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages printed by the receiving party, and return them

to the Receiving Party within five (5) business days of printing.  If the Producing Party objects based on a good-faith belief that the printed portions are not reasonably necessary to any case preparation activity as described above, the Producing Party shall make such objection known to the Receiving Party within five (5) business days of the printing of any such portions by the Receiving Party.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether or not the printed source code in question is reasonably necessary to any case preparation activity.  The parties may request that the Court resolve any such dispute on an expedited basis. In any event, any such motion must be in the form of a joint stipulation as provided for in Local Rules 37-1 and 37-2.  In the absence of any objection, or upon resolution of any such dispute by the Court, the Producing Party shall provide one copy set of such pages to the Receiving Party within five (5) business days of the printing of such pages by the Receiving Party or, if applicable, resolution of a dispute by the Court, and shall retain one copy set.

       d.     The Receiving Party may designate up to two experts or consultants who meet the requirements of paragraph 10(b) to have access to the secure facility(ies) for inspection of the Disclosing Party's source code. The Receiving Party's counsel shall provide to outside counsel for the Disclosing Party the names of any individual who will require access to the secure facility at least three (3) business days before being granted access to the secure facility for the first time.  Individuals who have been previously identified according to this paragraph may access the secure facility, consistent with the normal practice at the facility, without further approval, although the Disclosing Party shall be informed each time such person accesses the secured facility.

CONFIDENTIALITY ORDER
CASE NO. SACV 12-1580-DOC (JPRx)

14.    **Exclusion of Individuals From Depositions:** Counsel for any Disclosing Party shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents or information designated Confidential or Highly Confidential.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising information that is Confidential or Highly Confidential.

15.    The party or third party who produces or discloses its own Confidential Material or Highly Confidential Material is not to be precluded by this Confidentiality Order from disclosing or using that Confidential Material or Highly Confidential Material in any manner as it may deem fit, including in the context of patent prosecution.

16.    **Storage and Copies of Confidential Material or Highly Confidential Material:** The recipient of any Confidential Material or Highly Confidential Material that is provided under this Confidentiality Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information; provided, however, that Defendants' designated in-house litigation counsel shall maintain any Confidential or Highly Confidential Material provided pursuant to this Confidentiality Order in a locked file cabinet in a segregated file or in the electronic equivalent that prevents access by any other personnel of the Receiving Party.  Confidential Material or Highly Confidential Material shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit.  All such copies, reproductions, summaries and abstractions shall be subject to the terms of this Confidentiality Order, and labeled in the same manner as the designated material on which they are based.

CONFIDENTIALITY ORDER
                                    CASE NO. SACV 12-1580-DOC (JPRx)

17.    Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Material or Highly Confidential Material.  The parties shall comply with Local Rule 79-5 when seeking to file Confidential Material or Highly Confidential Material under seal.

18.    Agreeing to be bound by this Confidentiality Order, agreeing to and/or producing or receiving Confidential Material or Highly Confidential Material or otherwise complying with the terms of this Order *shall not*:

a.    Operate as an admission by any party that any particular Confidential Material or Highly Confidential Material contains or reflects business opportunities, affiliations or projections, or any other type of confidential information;

b.    Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Material or Highly Confidential Material;

c.    Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

d.    Prejudice in any way the rights of a party to seek a determination by the Court whether any Confidential Material or Highly Confidential Material should be subject to the terms of this Order;

e.    Prejudice in any way the rights of a party to petition the Court for a protective order relating to any purportedly confidential information; or

f.    Prevent a Disclosing Party to authorize disclosure of its own Confidential Material or Highly Confidential Material to any party.

19.     **Use of Party's Own Information Allowed:** This Order has no effect on, and shall not apply to, a Producing Party's use or disclosure of its own Confidential Material or Highly Confidential Material for any purpose whatever.

20.     **Challenging Designation of Materials:** A party shall not be obligated to challenge the propriety of a Confidential Material or Highly Confidential Material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation.  In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party may provide to the Disclosing Party written notice of its disagreement with the designation.  The parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court.  The burden of proving that information has been properly designated as Confidential Material or Highly Confidential Material is on the party making such designation.  Any challenged designation remains in force until the propriety of such designation has been determined, either by agreement of the parties or by order of the Court as outlined above.

21.     **No Application to Public or Otherwise Available Information:** This Order shall not limit or restrict a Receiving Party's use of information that the Receiving Party can demonstrate: (i) was lawfully in the Receiving Party's possession prior to such information being designated as protected material in this Litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (ii) was obtained without any benefit or use of protected material from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iii) was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's protected material; or (iv) has been published to the general

1  public.

2          If the Receiving Party believes that the Disclosing Party has designated

3  information that is covered by any of the preceding categories as Confidential

4  Material or Highly Confidential Material, the Receiving Party shall challenge the

5  propriety of such designation using the procedure outlined in Section 20 above.

6  Any challenged designation remains in force until the propriety of such designation

7  has been decided as outlined above.

8          22.     It is the present intention of the parties that the provisions of this Order

9  shall govern discovery in this Litigation.  The parties hereto agree to be bound by

10  the terms of this Order pending the entry of this Order, or an alternative thereto

11  which is satisfactory to all parties, by the Court, and any violation of the terms of

12  this Order shall subject the offender to the same sanctions and penalties as if this

13  Order had been entered by the Court.  Nonetheless, the parties hereto shall be

14  entitled to seek modification, or expansion of this Order by application to the Court

15  and on notice to all parties and third parties that have designated information

16  pursuant to this Order.  Nothing in this Order shall be deemed to limit, prejudice, or

17  waive any right of any party or person (a) to resist or compel discovery with respect

18  to, or to seek to obtain additional or different protection for Discovery Material

19  claimed to be protected work product or privileged, or Discovery Material as to

20  which the Producing Party claims a legal obligation not to disclose; or (b) to seek to

21  modify or obtain relief from any aspect of this Order.

22          23.     **No Waiver of Privilege:** If information subject to a claim of attorney-

23  client privilege, attorney work product, business strategy privilege or any other

24  ground on which production of such information should not be made to any party is

25  inadvertently produced to such party(ies), such production shall in no way prejudice

26  or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work

27  product, business strategy or other ground for withholding production to which the

28

Producing Party would otherwise be entitled.  If a claim of inadvertent production is made, pursuant to this paragraph, with respect to information then in the custody of another party, that party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made, and the Receiving Party shall not use such information for any purpose until further order of the Court.  The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

24. **Additional Parties or Attorneys:** In the event additional parties join or intervene in this action, the newly joined party(ies) shall not have access to Confidential Material or Highly Confidential Material until its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order.  If any additional attorneys make appearances in this Litigation, those attorneys shall not have access to Confidential Material or Highly Confidential Material until they execute a written agreement to be bound by this Order.

25. **Third Parties:** This Order applies to all Discovery Material produced in this Litigation, whether produced before or after the entry of this Order and whether produced by a party or third party.  Third parties who produce Discovery Material pursuant to this Order shall have the benefit of this Order, and shall be entitled to enforce its terms.  Third party witnesses may avail themselves of the procedures and protections in this Order.

26. Except as specifically provided herein, the terms, conditions, and limitations of this Confidentiality Order shall survive the termination of this action.  This Confidentiality Order shall survive the termination of this action.  This Confidentiality Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice.  The Court retains jurisdiction even after termination of this action to

1   enforce this Confidentiality Order and to make such amendments, modifications,

2   deletions and additions to this Confidentiality Order as the Court may from time to

3   time deem appropriate.

4        27.    This Confidentiality Order is without prejudice to the right of any party

5   to seek other or further relief from the Court.

6        28.    This Confidentiality Order shall not be construed as waiving any right

7   to assert a claim of privilege, relevance, overbreadth, burdensomeness or other

8   grounds for not producing material called for, and access to such material shall be

9   only as otherwise provided by the discovery rules and other applicable laws.

10       29.    **Conclusion of Litigation:** Within thirty (30) Court days after receiving

11   notice of the entry of an order, judgment or decree finally disposing of this

12   Litigation, all persons having received Confidential Material or Highly Confidential

13   Material shall either return such material and all copies thereof to counsel for the

14   Producing Party, or destroy all such Confidential Material or Highly Confidential

15   Material and, in either case, certify that fact to counsel for the Producing Party.

16   Outside counsel of record for the parties shall be entitled to retain court papers,

17   depositions, trial transcripts and attorney work product, provided that such outside

18   counsel of record shall not disclose Confidential Material or Highly Confidential

19   Material to any person except pursuant to a court order or agreement with the party

20   that produced the Confidential Material or Highly Confidential Material.  All

21   material returned to the parties or their counsel by the Court shall likewise be

22   disposed of in accordance with this paragraph.

23       30.    In the event that any Confidential or Highly Confidential information is

24   used in any court proceeding in this Litigation or any appeal therefrom, such

25   Confidential or Highly Confidential information shall not lose its status as

26   Confidential or Highly Confidential through such use.  Counsel shall comply with

27   all applicable local rules and shall confer on such procedures that are necessary to

28

protect the confidentially of any documents, information and transcripts used in the course of any court proceedings, including petitioning the Court to close the court room.

31.    **Protected Material Subpoenaed or Ordered Produced in Other Actions:** If any person receiving documents covered by this Order (the "Receiver") is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks Discovery Material that was produced or designated under this Order by someone other than the Receiver, the Receiver shall give prompt written notice by hand or facsimile transmission within five (5) business days of receipt of such Demand to the person, party, or third party who produced or designated the material as Confidential and shall object to the production of such Confidential Material or Highly Confidential Material on the grounds of the existence of this Order.  The burden of opposing the enforcement of the Demand shall fall upon the party who produced or designated the Confidential Material.  Unless the person, party, or third party who produced or designated the Confidential Material obtains an order directing that the Demand not be complied with, and serves such order upon the Receiver prior to production pursuant to the Demand, the Receiver shall be permitted to produce documents responsive to the Demand on the Demand response date.  Compliance by the Receiver with any order directing production pursuant to the Demand of any Confidential Discovery Material or Highly Confidential Discovery Material shall not constitute a violation of this Order.

32.    **Advice Based On Discovery Material Allowed:** Nothing in this Confidentiality Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this Litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Material

or Highly Confidential Material; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the contents of any Confidential Material or Highly Confidential Material produced by another party if that disclosure would be contrary to the terms of this Confidentiality Order.

33.    **No Effect On Other Legal Obligations:** This Confidentiality Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Material or Highly Confidential Material.  The fact that information is designated Confidential Material or Highly Confidential Material under this Confidentiality Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.

34.    **Redaction Allowed:** Any Producing Party may redact from the documents and things it produces matter that the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity.  The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice.  Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such document. This provision shall not affect any obligation to provide a log of information redacted or otherwise withheld on the basis of attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity.

35.    **Violations of Confidentiality Order:** In the event that any person or party should violate the terms of this Confidentiality Order, the aggrieved Disclosing Party should apply to the Court obtain relief against any such person or

party violating or threatening to violate any of the terms of this Confidentiality Order.  In the event that the aggrieved Disclosing Party seeks injunctive relief, it must petition the District Judge for such relief, which may be granted at the sole discretion of the District Judge.  The parties and any other person subject to the terms of this Confidentiality Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Confidentiality Order.

36.     The parties may petition the Court for modifications of this Confidentiality Order.

37.     **Headings:** The headings herein are provided only for the convenience of the parties, and are not intended to define or limit the scope of the express terms of this Confidentiality Order.

Dated:  April 08, 2013

_____
United States Magistrate Judge
JEAN P. ROSENBLUTH

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION
## COVERED BY CONFIDENTIALITY ORDER

I, _____, hereby acknowledge that I have received a copy of the Confidentiality Order entered in this action (Case No. SACV12-1580-DOC (JPRx)) in the United States District Court for the Central District of California (hereinafter, "the Confidentiality Order").

I have either read the Confidentiality Order or have had the terms of the Confidentiality Order explained to me by my attorney.

I understand the terms of the Confidentiality Order and agree to comply with and to be bound by such terms.

If I receive documents or information designated as Confidential or Highly Confidential, (as those terms are defined in the Confidentiality Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Confidentiality Order.

I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Confidentiality Order) any information disclosed to me pursuant to the terms of the Confidentiality Order.

I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Confidentiality Order.

My address is:

_____

_____

My present employer is:

_____

Date:_____        Signed:_____

Respectfully submitted,

Dated: April 3, 2013                    By: /s/ H. Larry Elam III

H. Larry Elam III (SBN 178836)
LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, California 94598
Telephone: (925) 465-5151
Facsimile: (925) 465-5152
larry@elamfirm.com

Attorneys for Plaintiff MOHSEN REIHANIFAM

Dated: April 3, 2013                    By: /s/ Lisa J. Damiani

Lisa J. Damiani (CSB#137968)
DAMIANI LAW GROUP APC
701 B Street, Suite 1110
San Diego, California 92101
Tel (619) 239-0170
Fax (619) 239-0216
ljdamiani@damianilawgroup.com

Juanita R. Brooks (CSB#75934)
FISH & RICHARDSON PC
12390 El Camino Real
San Diego, CA 92130
Tel (858) 678-5070
Fax (858) 678-5099
brooks@fr.com

Attorneys for Defendants,
FRESENIUS MEDICAL CARE
NORTH AMERICA, BEN LIPPS & R.
MAURICE POWELL