FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN 2 1 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

MOHSEN REIHANIFAM,                    )     CASE NO. **SA CV 12-1580-DOC (JPRx)**
                                      )
                Plaintiff(s),         )
                                      )
        v.                            )
                                      )
FRESENIUS MEDICAL CARE NORTH          )
AMERICA,                              )
                                      )     **JURY INSTRUCTIONS**
                Defendant(s).         )
                                      )
_____  )
                                      )

## JURY INSTRUCTION NO. \_\_\_1\_\_\_

### Duty of Jury

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case. A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## JURY INSTRUCTION NO. 2

### Burden of Proof – Preponderance of the Evidence

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or  affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## JURY INSTRUCTION NO. _3_

### Burden of Proof – Clear and Convincing Evidence

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

## JURY INSTRUCTION NO. __4__

### What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits which are received into evidence; and
3. any facts to which the lawyers have agreed.

JURY INSTRUCTION NO. __5__

### What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JURY INSTRUCTION NO. __6__

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## JURY INSTRUCTION NO. 7

### Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## JURY INSTRUCTION NO. 8

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;
2.  the witness's memory;
3.  the witness's manner while testifying;
4.  the witness's interest in the outcome of the case and any bias or prejudice;
5.  whether other evidence contradicted the witness's testimony;
6.  the reasonableness of the witness's testimony in light of all the evidence; and
7.  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

# JURY INSTRUCTION NO. __9__

## Stipulation of Facts

The parties have agreed to certain facts which were read to you and were placed in evidence as Exhibit 158.  You should therefore treat these facts as having been proved:

1.     On August 23, 2002, Defendant's then Chief Executive Officer Dr. Ben Lipps informed Plaintiff he was being transferred to a newly created position within Defendant as the President of Dialysis Products Research and Development and New Business Development in the Dialysis Products Division.

2.     Effective September 16, 2002, Plaintiff accepted the position of President of Dialysis Products Research and Development and New Business Development in the Dialysis Products Division with Defendant.

3.     From September 16, 2002 to approximately February 2009, Plaintiff held the position of President of Dialysis Products Research and Development and New Business Development in the Dialysis Products Division. It was during this time that Plaintiff began to report to Defendant's new Chief Executive Officer R. Maurice Powell as his direct report supervisor.

4.     For the calendar year 2004, Plaintiff received a written annual performance evaluation as an executive staff member rating his performance as "Superior" from his direct supervisor, Mr. Powell.

5.     For the calendar year 2005, Plaintiff received a written annual performance evaluation as an executive staff member rating his performance as "Superior" from his direct supervisor, Mr. Powell.

6.     For the calendar year 2006, Plaintiff received a written annual performance evaluation as an executive staff member rating his performance as "Superior" from his direct supervisor, Mr. Powell.

7.      For the calendar year 2007, Plaintiff received a written annual performance evaluation as an executive staff member rating his performance as "Superior" from his direct supervisor, Mr. Powell.

8.      For the calendar year 2008, Plaintiff did not receive a written annual performance evaluation as an executive staff member from his direct supervisor, Mr. Powell.

9.      After the expiration of the employment contract on March 31, 2009, Plaintiff became employed by Fresenius Holdings, Inc., as an employee-at-will.

10.      In 2009, Fresenius and Plaintiff entered into negotiations in an effort to agree upon a new employment contract for Plaintiff to continue the employment in the position of Senior Advisor to the Chief Executive Officer Benjamin Lipps. The parties' negotiations for a new contract were unsuccessful.

11.      For the calendar year 2009, Plaintiff did not receive a written annual performance evaluation as an executive staff member from his direct supervisor, Mr. Powell.

12.      On August 16, 2011, Plaintiff filed a complaint with California's Department of Fair Employment and Housing and received a right to sue letter on the same day without an investigation by the department.

## JURY INSTRUCTION NO. 10

### Deposition in Lieu of Live Testimony

Testimony may be entered in the form of a deposition transcript. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Robin Purcell was taken on September 25, 2013. You should consider deposition testimony from this witness, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

# JURY INSTRUCTION NO. 11

## Corporations and Partnerships – Fair Treatment

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

JURY INSTRUCTION NO. __12__

## "At Will" Explained

In California, employment is presumed to be "at will." That means that an employer may take an adverse employment action against an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not retaliatory.

## JURY INSTRUCTION NO. 13

### Retaliation – Essential Factual Elements

For his first legal claim, Reihanifam alleges that Fresenius retaliated against him for reporting alleged discriminatory actions to Fresenius.  To establish this claim, Reihanifam must prove all of the following elements:

1.    That Reihanifam engaged in a protected activity, meaning that he reported to Fresenius actions which he reasonably believed to be racial and gender discrimination;

2.    That Fresenius subjected Reihanifam to an adverse employment action;

3.    That Reihanifam's reporting of alleged racial and gender discrimination was a substantial motivating reason for the adverse employment action;

4.    That Reihanifam was harmed; and

5.    That Fresenius's conduct was a substantial factor in causing Reihanifam's harm.

## JURY INSTRUCTION NO. 14

### Retaliation – "Adverse Employment Action" Explained

Reihanifam must prove that, because of Fresenius's retaliatory acts, he was subjected to an adverse employment action.

Adverse employment actions are not limited to ultimate actions such as termination or demotion. There is an adverse employment action if Fresenius has taken an action or engaged in a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of Reihanifam's employment.  An adverse employment action includes conduct that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion.  However, minor or trivial actions or conduct that is not reasonably likely to do more than anger or upset an employee cannot constitute an adverse employment action.

JURY INSTRUCTION NO. 15

## Retaliation – "Substantial Motivating Reason" Explained

To establish his retaliation claim, Reihanifam must prove that his reporting of alleged discrimination was a substantial motiving reason for Fresenius's actions.

A "substantial motivating reason" is a reason that actually contributed to the adverse employment action. It must be more than a remote or trivial reason. It does not have to be the only reason motivating the adverse employment action.

## JURY INSTRUCTION NO. 16

### Failure to Prevent Retaliation – Essential Factual Elements

For his second legal claim, Reihanifam alleges that Fresenius failed to take all reasonable steps to prevent retaliation.  To establish this claim, Reihanifam must prove all of the following:

1. That Reihanifam was an employee of Fresenius;

2. That Reihanifam was subjected to retaliation in the course of employment because he engaged in a protected activity – reporting alleged racial and gender discrimination;

3. That Fresenius failed to take all reasonable steps to prevent the retaliation;

4. That Reihanifam was harmed; and

5. That Fresenius's failure to take reasonable steps to prevent retaliation was a substantial factor in causing Reihanifam's harm.

## JURY INSTRUCTION NO. 17

### Failure to Prevent Retaliation - Actual Retaliation is a Necessary Element

To establish his failure to prevent retaliation claim, Reihanifam must prove that Fresenius subjected him to unlawful retaliation. If you find that Fresenius did not unlawfully retaliate against Reihanifam, you must also find that Fresenius did not fail to prevent retaliation.

JURY INSTRUCTION NO. 18

**Wrongful Discharge in Violation of Public Policy – Essential Factual Elements**

For his third legal claim, Reihanifam alleges that he was discharged from his employment with Fresenius for reasons that violate a public policy. It is a violation of public policy to discharge a person from employment because he reported to his employer actions he reasonably believed to be discriminatory in nature. To establish his claim, Reihanifam must prove all of the following:

1. That Reihanifam was employed by Fresenius;
2. That Fresenius discharged Reihanifam;
3. That Reihanifam's engaging in a protected activity of reporting alleged race and gender discrimination in the work place was a substantial motivating reason for Reihanifam's discharge; and
4. That the discharge caused Reihanifam harm.

## JURY INSTRUCTION NO. 19

### Wrongful Discharge – "Substantial Motivating Reason" Explained

To prevail in his wrongful discharge in violation of public policy claim, Reihanifam must show that his participation in an alleged protected activity was a substantial motiving reason for his discharge from Fresenius.

A "substantial motivating reason" is a reason that actually contributed to the adverse employment action. It must be more than a remote or trivial reason. It does not have to be the only reason motivating the adverse employment action.

## JURY INSTRUCTION NO. 20

### Breach of Contract – Essential Elements

For his fourth legal claim, Reihanifam contends that Fresenius breached the terms of an employment contract between Fresenius and Reihanifam. Specifically, Reihanifam claims that Fresenius was required to issue a 24 months' severance payment at the time of his termination, but failed to do so.

To prevail in his claim for breach of contract, Reihanifam must prove all of the following elements:

1. That there was a contract between Reihanifam and Fresenius;

2. That the contract was in effect at the time of Reihanifam's termination;

3. That Reihanifam fully performed his obligations under the terms of the contract;

4. That Fresenius breached the terms of the contract by failing to provide Reihanifam with the required post-termination compensation provided for in the contract; and

5. That Reihanifam suffered damages due to the breach.

# JURY INSTRUCTION NO. 21

## Implied Covenant of Good Faith and Fair Dealing

Every contract contains an implied covenant of good faith and fair dealing between the parties to a contract. That means that the law treats the covenant of good faith and fair dealing to be in every contract automatically, even if there are no words in the agreement that expressly include the covenant.

The implied covenant of good faith and fair dealing means that neither party may do anything that will have the effect of destroying or injuring the right of the other party to receive the benefits of the contract.

If the plaintiff has failed to act in good faith and has breached his implied covenant of good faith and fair dealing, the plaintiff cannot recover for subsequent breach of contract by the defendant.

The implied covenant of good faith and fair dealing only governs conduct of parties after they have entered into a contract and before the contract has expired; without a contract, there is no covenant to be breached.

The scope of the implied covenant of good faith and fair dealing is only as broad as the contract that governs the particular relationship. There is no requirement that bad faith be shown; instead, the plaintiff has the burden of proving a lack of good faith. The lack of good faith can be inferred from the totality of the circumstances.

To establish this claim, Reihanifam must prove all of the following:

1. That Reihanifam and Fresenius entered into a written contract;

2. That the written contract was still in effect when Reihanifam was terminated in August of 2010.

3. That Reihanifam did all, or substantially all of the significant things that the contract required him to do;

4. That Fresenius did not act in good faith by unfairly interfering with Reihanifam's right to receive benefits of the contract for past services rendered;

5. That Reihanifam was harmed by Fresenius's conduct; and

6. That Fresenius was unjustly enriched as a result of the termination and retention of Reihanifam's earned compensation for past services rendered.

## JURY INSTRUCTION NO. 22

### Contractual Obligations and
### the Implied Covenant of Good Faith and Fair Dealing

The implied covenant of good faith and fair dealing cannot create an obligation on
one of the parties to the contract that is inconsistent with an express term of the
employment agreement. The implied covenant also cannot be used to take away a
right that one party is expressly given in the written contract.

## JURY INSTRUCTION NO. 23

### Implied Covenant of Good Faith and Fair Dealing – "At Will" Relationship

Because the implied covenant protects only the parties' right to receive the benefit of their  agreement and because there is no agreement to terminate only for good cause in an "at-will" relationship, the implied covenant standing alone cannot be read to impose such a duty.

## JURY INSTRUCTION NO. 24

### Damages Generally

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Reihanifam on one or more of his claims, you must determine his damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate him for any injury you find was caused by Fresenius. When determining how much, if anything, to award, you should consider the following:

The reasonable value of earnings lost, reduced by the amount that Reihanifam could have earned from other employment.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

# JURY INSTRUCTION NO. 25

## Damages – Mitigation

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.   that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.   the amount by which damages would have been mitigated.

# JURY INSTRUCTION NO. 26

## Present Cash Value of Future Damages

To recover for future harm, Reihanifam must prove that the harm is reasonably
certain to occur and must prove the amount of those future damages. The amount
of damages for future harm must be reduced to present cash value. This is
necessary because money received now will, through investment, grow to a larger
amount in the future. Fresenius Medical Care North America must prove the
amount by which future damages should be reduced to present value.

To find present cash value, you must determine the amount of money that, if
reasonably invested today, will provide Reihanifam with the amount of his future
damages.

You must use the interest rate of 10 percent in determining the present cash value
of future damages.

## JURY INSTRUCTION NO. 21

### Retaliation - Limitation on Remedies – Same Decision

Reihanifam claims that he was subject to adverse employment actions because he reported alleged race and gender discrimination, which is an unlawful retaliatory reason.

Fresenius claims that the company took action because Reihanifam acted unprofessionally and failed to effectively manage projects and cooperate with peers, which are lawful actions.

If you find that retaliation was a substantial motivating reason for the adverse employment actions, you must then consider Fresenius's stated reason for those actions.

If you find that Reihanifam's unprofessional behavior or failure to manage projects and cooperate with peers were also substantial motivating reasons, then you must determine whether the defendant has proven that it would have acted in the same manner based on Reihanifam's behavior, even if Fresenius had not also been substantially motivated by retaliation.

In determining whether Reihanifam's behavior was a substantial motivating reason, determine what actually motivated Fresenius, not what it might have been justified in doing.

# JURY INSTRUCTION NO. 28

## Punitive Damages

If you decide that Fresenius's conduct caused Reihanifam harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Fresenius only if Reihanifam proved that Fresenius engaged in that conduct with malice, oppression, or fraud. To do this, Reihanifam must have proven one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Fresenius, who acted on behalf of Fresenius;

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Fresenius; or

3. That one or more officers, directors, or managing agents of Fresenius knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Fresenius acted with intent to cause injury or that Fresenius' conduct was despicable and was done with willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Fresenius' conduct was despicable and subjected the Plaintiff to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Fresenius intentionally misrepresented or concealed a material fact and did so intending to harm Reihanifam.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decisionmaking such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award

punitive damages, you should consider all of the following factors in determining the amount:

(a)    How reprehensible was Fresenius' conduct?  In deciding how reprehensible Fresenius' conduct was, you may consider, among other factors:

1.    Whether the conduct caused physical harm;

2.    Whether Fresenius disregarded the health or safety of others;

3.    Whether Reihanifam was financially weak or vulnerable and Fresenius knew the Plaintiff was financially weak or vulnerable and took advantage of him;

4.    Whether Fresenius' conduct involved a pattern or practice; and

5.    Whether Fresenius acted with trickery or deceit.

(b)    Is there a reasonable relationship between the amount of punitive damages and Reihanifam's harm that Fresenius knew was likely to occur because of its conduct?

(c)    In view of Fresenius' financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Fresenius has substantial financial resources.  Any award you impose may not exceed Fresenius's ability to pay.

Punitive damages may not be used to punish Fresenius for the impact of its alleged misconduct on persons other than Reihanifam.

# JURY INSTRUCTION NO. 29

### Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.

Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## JURY INSTRUCTION NO. 30

### Consideration of Evidence – Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

## JURY INSTRUCTION NO. 31

### Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## JURY INSTRUCTION NO. 32

### Return of Verdict

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.